IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CR218 |
| | ) | |
| v. | ) | |
| | ) | |
| GERARDO HERNANDEZ HERNANDEZ, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on defendant Gerardo Hernandez Hernandez's (hereinafter "defendant") motion for reduction of sentence pursuant to the November 1, 2010, Amendments to the United States Sentencing Guidelines ("Sentencing Guidelines")(Filing No. 49). Eighth Circuit precedent forecloses defendant's argument, and he is therefore not entitled to the retroactive application of the November 1, 2010, Amendments.

On May 21, 2009, defendant was indicted by the federal Grand Jury sitting in the District of Nebraska for controlled substance and firearm offenses. A superseding indictment was filed on June 16, 2009. Count I of the superseding indictment charged that on or about December 17, 2008, defendant knowingly and intentionally distributed 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1). Count II charged that on or about May 8, 2009, defendant knowingly and

intentionally distributed less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1).  Count III charged that on or about February 22, 2008, defendant knowingly possessed a firearm, with an obliterated or altered serial number, that had been shipped and transported in interstate commerce, in violation of 18 U.S.C. § 922(k).  Count IV contained a forfeiture charge, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c); and finally, Count V charged that on or between December 7, 2008, to on or about June 3, 2009, defendant, an alien who, after conviction for an aggravated felony, had been denied admission, excluded, deported or removed or who had departed the United States while an order of exclusion, deportation or removal was outstanding, knowingly and unlawfully entered the United States, without having obtained consent from the United States Attorney General or his successor, the Secretary of Homeland Security, to reapply for admission, in violation of 8 U.S.C. § 1326(a).

On August 21, 2009, defendant and his counsel appeared before this Court with a plea agreement, and defendant knowingly and voluntarily pled guilty to Counts I, III, and IV of the superseding indictment.  The government dismissed the remaining counts against defendant.  On November 5, 2009, defendant was

sentenced to a term of 63 months as to Count I and 63 months as to Count III to run concurrently.

On November 1, 2010, amendments to the Sentencing Guidelines became effective to apply to all offenders sentenced after that date. *See* 18 U.S.C. § 3553(a)(4)(ii) (sentencing courts must consider the guidelines that "are in effect on the date the defendant is sentenced"). Defendant now urges this Court to retroactively apply the amendments to his case for a possible sentence reduction. The Eighth Circuit has held, however, that these amendments to the Sentencing Guidelines are not retroactive. *See United States v. Orr*, No. 09-3644, 2011 WL 722405, at *12 (8th Cir. Mar. 3, 2011) ("Thus, as we have previously recognized, Congress expressed no desire in the [amendments to the sentencing guidelines] that [they] be applied retroactively, and consequently the federal Savings Statute clearly forecloses [defendant's] argument for retroactive application.")

Accordingly, defendant's motion for reduction of sentence will be denied. A separate order will be entered in accordance with this memorandum opinion.

DATED this 16th day of March, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court